IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED
JUN 2 6 2019
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MERLIN ELISEO ALVAREZ ZAMBRANO<br>   a/k/a: "Alaseo Alvarez"<br>   a/k/a: "Merlin E Alvare Zambrono"<br>   a/k/a: "Eliseo Alvarez"<br>   a/k/a: "Merlin Eliseo Alvarez"<br>   a/k/a: "Merlin Eliseo Zambrano"<br><br>      *Defendant.* | Case No. 1:19-MJ-292 |

**AFFIDAVIT IN SUPPORT OF A**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Kevin Ho, being duly sworn, depose and state:

1. I am a Deportation Officer with the United States Immigration and Customs Enforcement (ICE) at Fairfax, Virginia. I have been employed with ICE for more than ten years. I was previously employed as a Customs and Border Protection Enforcement Officer for the U.S. Customs & Border Protection and its predecessor, the United States Immigration and Naturalization Service, since April 1996. During that time, I have received specialized training and have conducted numerous investigations relating to administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code.

2. My duties as a Deportation Officer with ICE include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code and seeking, when applicable, prosecution and removal of violators. I have received training in general law enforcement, including training in Title 8 of the United States Code.

1

3. This affidavit is submitted in support of a criminal complaint charging MERLIN ELISEO ALVAREZ ZAMBRANO (also known as "Alaseo Alvarez," "Merlin E Alvare Zambrono," "Eliseo Alvarez," "Merlin Eliseo Alvarez," and "Merlin Eliseo Zambrano," hereafter referred to as ALVAREZ ZAMBRANO) with being found in the United States, after being denied admission, excluded, or removed, or having departed the United States while an order of exclusion, deportation, or removal was outstanding, in violation of Title 8, United States Code, Section 1326(a). This affidavit is also submitted in support of an arrest warrant.

4. The facts and information contained in this affidavit are based upon my training and experience, participation in immigration investigations, personal knowledge, and observations during the course of this investigation, as well as the observations of other agents involved in this investigation. All observations not personally made by me were related to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during the course of this investigation. This affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the Government.

## SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE

5. On or about May 26, 2019, U.S. Immigration and Customs Enforcement in Lorton, Virginia, received information from the Prince William-Manassas Adult Detention Center located in Manassas, Virginia, which is in the Eastern District of Virginia, that ALVAREZ ZAMBRANO, a native and citizen of Honduras, was being detained at the Prince William-Manassas Adult Detention Center on multiple misdemeanor charges. An immigration detainer was filed with Prince William-Manassas Adult Detention Center on May 26, 2019.

6. Section 287(g) of the Immigration and Nationality Act permits performance of immigration officer functions by state officers and employees (referred to herein as "ICE 287(g) Officers") provided that the local law enforcement officers receive appropriate training and function under the supervision of sworn ICE officers.

7. ALVAREZ ZAMBRANO was fingerprinted on or about May 26, 2019. Those fingerprints were then processed through ICE indices containing fingerprint records of known and previously deported aliens. This system is also integrated with the criminal records maintained by the FBI and is commonly referred to as Next Generation Identification (NGI). Results of this query showed positive matches to ALVAREZ ZAMBRANO and his FBI number. Additionally, photographic image of ALVAREZ ZAMBRANO was returned which indicated that he had been previously apprehended by the U.S. Department of Homeland Security enforcement officers.

8. On or about May 26, 2019, ALVAREZ ZAMBRANO was interviewed by ICE 287(g) Jail Enforcement Officer V. Englerth pursuant to Title 8 USC Section 1357 for alienage and deportability. ALVAREZ ZAMBRANO freely and voluntarily gave a sworn statement to Officer Englerth. A sworn statement was taken wherein the following information was provided to Officer Englerth. ALVAREZ ZAMBRANO stated:

   a) that his true and correct name is Merlin Eliseo Alvarez Zambrano;

   b) that he was born on 1981 in Choluteca, Honduras;

   c) that he is a citizen of Honduras;

   d) that he was previously deported from the United States;

e) that he did not receive permission of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to reapply for admission to the United States after being removed.

9. On June 10, 2019, your affiant conducted a review of documents from ALVAREZ ZAMBRANO'S immigration file that is maintained by the United States Bureau of Citizenship and Immigration Services. The file, also known as an alien file, contained an executed Immigration Service form I-205, Warrant of Removal/Deportation, bearing the photograph, fingerprint, and signature of ALVAREZ ZAMBRANO. ALVAREZ ZAMBRANO was removed from the United States on April 13, 2012 from Alexandria, Louisiana.

10. On June 10, 2019, your affiant asked the FBI Special Processing Center to compare the fingerprints that ICE obtained from ALVAREZ ZAMBRANO on or about May 26, 2019, with an individual print taken form ALVAREZ ZAMBRANO'S I-205 showing his removal from April 13, 2012, and two complete sets of fingerprints taken from ALVAREZ ZAMBRANO'S alien file that were associated with his prior immigration arrests. On June 10, 2019, the FBI successfully matched three of the four submitted fingerprints to ALVAREZ ZAMBRANO and his FBI number. The one print, the Immigration Service form I-205, was too poor of quality for comparison.

11. ALVAREZ ZAMBRANO'S alien file indicates that ALVAREZ ZAMBRANO does not have any immigration benefit, document, or status that would allow him to enter, be admitted, pass through, or reside in the United States legally and that he has neither sought nor obtained permission from the Attorney General or the Secretary of Homeland Security to reenter the United States following his formal removal.

## CONCLUSION

12.    Based on the foregoing, I submit that there is probable cause to believe that on or about May 26, 2019, in Manassas, Virginia within the Eastern District of Virginia, the defendant MERLIN ELISEO ALVAREZ ZAMBRANO, having been removed or deported from the United States on or about April 13, 2012, was found in the United States without having obtained the express consent of the Attorney General or the Secretary of the Homeland Security, to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Kevin Ho
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to and subscribed before me on the 26th day of June 2019, in Alexandria, Virginia.

_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge
The Honorable Michael S. Nachmanoff
United States Magistrate Judge
Alexandria, Virginia